# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **B. J. TIDWELL INDUSTRIES, INC.** | § | |
| **d/b/a CARDELL KITCHEN &** | § | |
| **BATH CABINETRY,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **DIVERSIFIED HOME PRODUCTS, INC.,** | § | **SA-06-CA-0264 FB (NN)** |
| **JIM HINDMAN and** | § | |
| **IRENE CUELLAR,** | § | |
| | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

## <u>ORDER DENYING MOTION TO AMEND</u>

This order addresses defendant Diversified Home Products's (Diversified's) motion to amend its counterclaim.[1]  Previously, I recommended summary judgment on all claims and counterclaims, except for Diversified's counterclaim for breach of contract.[2]  That recommendation was based on the defendant's original counterclaim which alleged, in part, that Cardell misrepresented that it would deliver conforming shipments of cabinets in a timely manner.[3]  Since that time, defendant Diversified objected to my recommendation[4] and asked to amend its counterclaim.[5]  Diversified seeks to amend its counterclaim to add an allegation that

---

[1]Docket entry # 106.

[2]*See* docket entry # 103.

[3]*See* docket entry # 7.

[4]*See* docket entry # 105.

[5]*See* docket entry # 106.

Cardell misrepresented that it would introduce Diversified to Cardell's national builder account, to include Beazer Homes.[6]  Because amending the complaint to add that allegation could change my recommendation on Cardell's motion for summary judgment, the district court re-referred this case to me to consider the motion to amend and to reconsider my memorandum and recommendation if necessary.[7]

Diversified maintains that it should be permitted to amend its counterclaim because an alleged misrepresentation about Cardell's national builder account and Beazer Homes has been the subject of written and oral discovery throughout this case.  Because such discovery has occurred, Diversified argues that Cardell will not be prejudiced or surprised by the amendment.[8]

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order has been issued.[9]  The rule still applies after the deadline set by the scheduling order has expired.[10]  The rule applies here because the scheduling order deadline for amending pleadings expired on July 25, 2006.[11]

Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing

---

[6]*See* docket entry # 106.

[7]*See* docket entry # 110.

[8]*See* docket entry 106, pp. 3-4.

[9]*S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

[10]*S&W Enterprises*, 315 F.3d at 535 (deciding that the rule applies after the deadline for amending pleadings has expired).

[11]*See* docket entry # 22.

of good cause and by leave of the district judge."[12]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[13]  In determining whether the good-cause standard has been met, the court considers four factors:  (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[14]  In this case, all of these factors weigh in favor of denying the  amendment.

Diversified's explanation for the failure to timely move for leave to amend.  Diversified does not explain why it did not move to amend its counterclaim earlier.  There can be no explanation other than my recommendation for summary judgment in favor of Cardell on Cardell's claim for sworn account, Cardell's claim for breach of promissory note and Diversified's claim for misrepresentation.  My recommendation is based on the live counterclaim—a counterclaim that does not include an allegation about a misrepresentation about Cardell's national builder account and Beazer Homes.  This factor weighs against the amendment.

The importance of the amendment.  The amendment is important to both sides of this dispute because my recommendation for summary judgment is based on the live counterclaim. Because the summary-judgment evidence includes evidence that Cardell told Diversified's owner that Cardell would introduce the owner to Cardell's national builder account and Beazer Homes,

---

[12]FED. R. CIV. P. 16(b).

[13]*S&W Enterprises*, 315 F.3d at 535 (citation omitted).

[14]*S&W Enterprises*, 315 F.3d at 536.

adding an allegation about an alleged misrepresentation about Cardell's national builder account and Beazer Homes would preclude summary judgment.  Without the allegation, no fact question exists about the elements of Cardell's claim for sworn account, Cardell's claim for breach of promissory note or Diversified's claim for misrepresentation, and Cardell is entitled to summary judgment on these claims.  Adding an allegation about an alleged misrepresentation about Cardell's national builder account and Beazer Homes would effectively permit Diversified to test the sufficiency of the summary-judgment evidence and then change its theory of the case after all scheduling order deadlines have expired.[15]  "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."[16]  This factor weighs against the amendment.

Potential prejudice in allowing the amendment.  Diversified maintains that the amendment will result in no prejudice to Cardell because the alleged misrepresentation about Cardell's national builder account and Beazer Homes was the subject of extensive discovery.  Although Diversified requested production of Cardell's national builder account agreement and the national builder account agreement between Cardell and Beazer Homes during discovery,[17] Cardell objected to that discovery on grounds that the information was irrelevant to any issue in the lawsuit.  Diversified should have known that the production was irrelevant because its counterclaim does not include an allegation about the national builder account.  Even if

---

[15]*See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence.").

[16]*Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967).

[17]*See* docket entry # 67, exh. 2, pp. 3-4.

Diversified inadvertently omitted the allegation, Cardell's attorney placed Diversified on notice about an omission during the hearing on Diversified's motion to compel.  During the hearing—conducted two weeks after Cardell moved for summary judgment and six weeks before I recommended summary judgment, Cardell's attorney explained that the national builder account did not serve as the basis for any claim for affirmative relief in the case.[18]  Amending Diversified's counterclaim at this point would prejudice Cardell by requiring Cardell to defend against an allegation that has not existed since the filing of this lawsuit.  This factor weighs against the amendment.

The availability of a continuance to cure such prejudice.  To some degree a continuance is always available to cure prejudice resulting from a late-breaking amendment.  Trial dates can be rescheduled and no trial date has been scheduled in this case.  Recently, Cardell asked for an additional 150 days for discovery in this case,[19] but that request does not serve as a windfall for Diversified.  Cardell requested additional time after Diversified produced eight boxes of documents after the expiration of the discovery deadline.[20]  Because the eight boxes of documents relate to Diversified's breach-of-contract claim[21]—but not to the claims and counterclaim at issue by Cardell's motion for summary judgment—any continuance for

---

[18]*See* docket entry # 86 at play time 3:20:03 (stating Diversified's "pleadings do not mention a promise of being introduced to a national builder account") & at play time 3:23:44 (emphasizing that "the only  misrepresentation in [Diversified's] pleadings is that [Cardell] would deliver goods in a timely and conforming manner").

[19]*See* docket entry # 111.

[20]*See* docket entry # 92.

[21]*See* docket entry #s 111 & 113.

additional discovery would be a limited effort and does not justify amending at this late date. This factor weighs against the amendment.

All four factors weigh against the amendment. Diversified agreed to the deadline for amending pleadings.[22] Ten months after that deadline passed, Diversified asked to amend its answer to add additional affirmative defenses, but Diversified did not ask to amend its counterclaim.[23] I denied the motion to amend because Diversified moved to amend over ten months after the deadline for amending pleadings expired.[24] The current request comes sixteen months after that deadline expired and seeks to change yet another aspect of Diversified's theory of this case, without any showing of good cause to justify the amendment.

Because Diversified has failed to show good cause for modifying the scheduling order to allow for the late filing of the motion for leave to amend the counterclaim, I DENY Diversified's motion to amend (docket entry # 106).

**SIGNED** on December 4, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[22]*See* docket entry # 14.

[23]*See* docket entry # 53.

[24]*See* docket entry # 60.